UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE W. MCENTEE, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN COLLEGE OF CARDIOLOGY, INC. <br><br> and <br><br> AMERICAN COLLEGE OF CARDIOLOGY FOUNDATION, <br><br> Defendants. | C.A. No. 06-1813 (JR) |

**COUNTERCLAIM DEFENDANT'S ANSWER TO COUNTERCLAIM
AFFIRMATIVE DEFENSES**

Counterclaim Defendant Christine W. McEntee, by and through undersigned counsel, hereby files her Answer and Affirmative Defenses to Defendants-Counterclaim Plaintiffs' Counterclaim.

**ANSWER TO COUNTERCLAIM**

1. Counterclaim Defendant admits the allegations of paragraph No. 1 of the Counterclaim.

2. Counterclaim Defendant admits the allegations of paragraph No. 2 of the Counterclaim.

3. Counterclaim Defendant admits the allegations of paragraph No. 3 of the Counterclaim.

4. Counterclaim Defendant admits the allegations of paragraph No. 4 of the Counterclaim.

5. Counterclaim Defendant admits the allegations of paragraph No. 5 of the Counterclaim.

6. Counterclaim Defendant admits the allegations of paragraph No. 6 of the Counterclaim.

7. Counterclaim Defendant admits the allegations of paragraph No. 7 of the Counterclaim.

8. Counterclaim Defendant admits the allegations of paragraph No. 8 of the Counterclaim.

9. Counterclaim Defendant lacks sufficient information to allow her to admit or deny the allegations of paragraph No. 9 of the Counterclaim and therefore denies the allegations of that paragraph.

10. With respect to the allegations of paragraph No. 10 of the Counterclaim, Counterclaim Defendant admits that in approximately April 2005 the Executive Committee of ACC appointed a task force to consider the ACC's governance and that the Board of ACC ultimately adopted a report describing ACC as a "member driven organization" and purporting to describe the respective roles of the governing bodies, President, and CEO. Counterclaim Defendant denies the remaining allegations of this paragraph.

11. Counterclaim Defendant denies the allegations of paragraph No. 11of the Counterclaim.

12. Counterclaim Defendant denies the allegations of paragraph No. 12 of the Counterclaim.

13. With respect to the allegations of paragraph No. 13 of the Counterclaim, Counterclaim Defendant admits she explored possible employment with the American Institute of Architects ("AIA") during the Summer and Fall of 2005 in the anticipation that defendants Defendants would attempt to impose unilateral amendments to her Employment Agreement.

14. Counterclaim Defendant denies the allegations of paragraph No. 14 of the Counterclaim.

15. Counterclaim Defendant denies the allegations of paragraph No. 15 of the Counterclaim.

16. Counterclaim Defendant denies the allegations of paragraph No. 16 of the Counterclaim.

17. Counterclaim Defendant denies the allegation of paragraph No. 17 of the Counterclaim that she resigned from her position, "effectively" or otherwise. Counterclaim Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies the remaining allegations.

18. Paragraph No. 18 of the Counterclaim incorporates allegations in prior paragraphs and no response is required.

19. Paragraph No. 19 of the Counterclaim states a legal conclusion to which no response is required but to the extent a response is required Counterclaim Defendant admits the allegation of this paragraph.

20. Paragraph No. 20 of the Counterclaim states legal conclusions to which no response is required but to the extent a response is required Counterclaim Defendant denies the allegations of this paragraph as they are incomplete in their characterization of the Employment Agreement. Paragraph 3(a) of the Employment Agreement provides, *inter alia,* that as CEO Ms. McEntee shall "[h]ave full, broad and exclusive authority to manage ACC and ACCF operations, to hire, compensate and terminate ACC and ACCF staff and consultants within the framework of the approved budget of ACC and ACCF, and to establish and modify the duties and responsibilities of said staff and consultants . . . ."

21. Paragraph No. 21 of the Counterclaim states a legal conclusion to which no response is required but to the extent a response is required Counterclaim Defendant denies the allegation of this paragraph of the Counterclaim. She did not refuse to perform her duties as described in the Employment Agreement.

22. The allegations of Paragraph No. 22 of the Counterclaim are admitted to the extent that the Employment Agreement so provides and denied to the extent that the paragraph alleges that Counterclaim Defendant had a duty under the circumstances to provide advance written notice or that she breached her obligation to provide such notice.

23. Paragraph No. 23 of the Counterclaim states a legal conclusion to which no response is required but to the extent a response is required Counterclaim Defendant denies the allegation of this paragraph of the Counterclaim.

24. Counterclaim Defendant denies the allegation of paragraph No. 24 of the Counterclaim.

25. Counterclaim Defendant denies the allegation of paragraph No. 25 of the Counterclaim.

26. Paragraph No. 26 of the Counterclaim states a legal conclusion to which no response is required but to the extent a response is required Counterclaim Defendant denies the allegation of this paragraph of the Counterclaim.

27. Paragraph No. 27 of the Counterclaim incorporates allegations in prior paragraphs and no response is required.

28. Paragraph No. 28 of the Counterclaim states legal conclusions to which no response is required but to the extent a response is required Counterclaim Defendant denies the allegation of this paragraph.

29. Counterclaim Defendant denies the allegations of paragraph No. 29 of the Counterclaim as characterized therein.

30. Counterclaim Defendant denies the allegations of paragraph No. 30 of the Counterclaim.

31. Counterclaim Defendant denies the allegations of paragraph No. 31 of the Counterclaim.

32. Counterclaim Defendant denies the allegations of paragraph No. 32 of the Counterclaim.

33. Paragraph No. 33 of the Counterclaim states a legal conclusion to which no response is required but to the extent a response is required Counterclaim Defendant denies the allegation of this paragraph of the Counterclaim.

34.  Counterclaim Defendant denies that Counterclaim Plaintiffs are entitled to the relief they request or to any relief whatsoever.

35.  Counterclaim Defendant denies each and every allegation of the Counterclaim that she has not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Counterclaim Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims are barred by laches.

### THIRD AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims are barred by the equitable doctrines of waiver, duress, release and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims are barred by their failure to mitigate their damages if any.

### SIXTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs have failed to allege their causes of actions with particularity to enable Counterclaim Defendant to raise all appropriate defenses and therefore, Counterclaim

Defendant reserves the right to add additional defenses as the basis for each defense becomes known.

WHEREFORE, having answered, Counterclaim Defendant submits that the Court should dismiss the Counterclaim with prejudice, award Counterclaim Defendant her reasonable costs and attorneys' fees and grant her such further relief as this Court deems just and proper.

                                             [s]
                           Lisa J. Banks        D.C. Bar #470948
                           Daniel B. Edelman   D.C. Bar # 75101
                           Debra S. Katz       D.C. Bar #411861

                           KATZ, MARSHALL & BANKS, LLP
                           1718 Connecticut Ave., N.W.
                           Sixth Floor
                           Washington, D.C. 20009
                           Phone: (202) 299-1140
                           Fax: (202) 299-1148

                           Attorneys for Plaintiff Christine W. McEntee

DATED: January 9, 2007